THE ATTORNEY GENERAL'S OFFICE HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION WHEREIN YOU SUBMIT THE FOLLOWING QUESTION:
 WHETHER BINGO IS CONSIDERED GAMBLING UNDER THE OKLAHOMA STATUTES IF THE BINGO ESTABLISHMENT IS IN COMPLETE COMPLIANCE WITH THE LAW AS SET FORTH IN THE APPLICABLE STATUTES.
THE STATUTES GOVERNING BINGO IN THE STATE OF OKLAHOMA, 21 O.S. 995.1 ET SEQ., ARE FOUND WITHIN CHAPTER 38 OF THE CRIMINAL STATUTES ENTITLED GAMBLING. SECTION 995.2 DEFINES BINGO AS FOLLOWS:
 "1." BINGO "MEANS A GAME IN WHICH EACH PARTICIPANT RECEIVES ONE OR MORE CARDS EACH OF WHICH IS MARKED OFF INTO TWENTY-FIVE SQUARES ARRANGED IN FIVE HORIZONTAL ROWS OF FIVE SQUARES EACH AND FIVE VERTICAL ROWS OF FIVE SQUARES EACH, WITH EACH SQUARE BEING DESIGNATED BY NUMBER, LETTER OR COMBINATION OF NUMBERS AND LETTERS, AND THE CENTER SQUARE DESIGNATED WITH THE WORD FREE, WITH NO TWO CARDS BEING IDENTICAL, WITH THE PLAYERS COVERING THE SQUARES AS THE OPERATOR OF SUCH GAME ANNOUNCES A NUMBER, LETTER OR COMBINATION OF NUMBERS AND LETTERS APPEARING ON AN OBJECT SELECTED BY CHANCE, EITHER MANUALLY OR MECHANICALLY FROM A RECEPTACLE IN WHICH HAVE BEEN PLACED OBJECTS BEARING NUMBERS, LETTERS OR COMBINATIONS OF NUMBERS AND LETTERS CORRESPONDING TO THE SYSTEM USED FOR DESIGNATING THE SQUARES, WITH THE WINNER OF EACH GAME BEING THE PLAYER OR PLAYERS FIRST PROPERLY COVERING A PREDETERMINED ND ANNOUNCED PATTERN OF SQUARES UPON THE CARD BEING USED BY HIM OR THEM."
BECAUSE IT IS OUR UNDER STANDING THAT THE BINGO IN QUESTION WOULD BE CONDUCTED BY A NONPROFIT ORGANIZATION, AN ANALYSIS OF 21 O.S. 1981, 981 IS REQUIRED. 21 O.S. 981(1) PROVIDES, IN PERTINENT PART:
 "1. A "BET" IS A BARGAIN IN WHICH THE PARTIES AGREE THAT, DEPENDENT UPON CHANCE, OR IN WHICH ONE OF THE PARTIES TO THE TRANSACTION HAS VALID REASON TO BELIEVE THAT IT IS DEPENDENT UPON CHANCE, ONE STANDS TO WIN OR LOSE SOMETHING OF VALUE SPECIFIED IN THE AGREEMENT. A BET DOES NOT INCLUDE:
* * *
 B. ANY BINGO GAME OR A GAME OF CHANCE WITH COMPARABLE CHARACTERISTICS BY OR FOR PARTICIPANTS CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION UNDER THE LAWS OF THIS STATE PURSUANT TO TITLE 21, OKLAHOMA STATUTES, SECTIONS 995.1 TO 995.18;
SECTION 981(2) PROVIDES, IN PERTINENT PART:
 "2. AS USED IN THIS PARAGRAPH, THE TERM "CONSIDERATION" SHALL NOT INCLUDE SUMS OF MONEY PAID BY OR FOR PARTICIPANTS IN ANY BINGO GAME OR A GAME OF CHANCE WITH COMPARABLE CHARACTERISTICS AS DEFINED BY SUBPARAGRAPH B OF PARAGRAPH 1 OF THIS SECTION AND IT SHALL BE CONCLUSIVELY PRESUMED THAT SUCH SUMS PAID BY OR FOR SAID PARTICIPANTS WERE INTENDED BY SAID PARTICIPANTS TO BE FOR THE BENEFIT OF THE ORGANIZATIONS DESCRIBED IN SUBPARAGRAPH B OF PARAGRAPH 1 OF THIS SECTION FOR THE USE OF SUCH ORGANIZATIONS IN FURTHERING THE PURPOSES OF SUCH ORGANIZATIONS;"
BLACK'S LAW DICTIONARY, 6TH ED., DEFINES GAMBLING AS CONSISTING OF A CONSIDERATION, AN ELEMENT OF CHANCE AND A REWARD. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY DEFINES GAMBLING AS PLAYING A GAME FOR MONEY OR PROPERTY, BETTING ON AN UNCERTAIN OUTCOME, STAKING SOMETHING ON A CONTINGENCY, TAKING A CHANCE. IT IS CLEAR FROM THESE DEFINITIONS THAT PLAYING BINGO IS INDEED A FORM OF GAMBLING UNDER ANY COMMONLY ACCEPTED, ORDINARY DEFINITION OF THE WORD. THE BINGO NUMBERS EMERGE ARBITRARILY FROM A MACHINE, AND MONEY IS PAID FOR THE OPPORTUNITY TO PLAY A PURE GAME OF CHANCE WITH THE POSSIBILITY OF WINNING A POT OF MONEY.
ALTHOUGH ACCORDING TO THE COMMONLY ACCEPTED DEFINITION OF GAMBLING, THE GAME OF BINGO IS CLEARLY FORM OF GAMBLING, THE OKLAHOMA LEGISLATURE HAS CHOSEN TO EXCLUDE BINGO FROM THE REALM OF GAMBLING UNDER THE STATUTES, WHEN THE BINGO GAME IS CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION. 21 O.S. 981(1)(B), AS QUOTED ABOVE, SPECIFICALLY STATES THAT A BET DOES NOT INCLUDE ANY BINGO GAME CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION. SECTION 981(2) SPECIFICALLY STATES THAT CONSIDERATION FOR PURPOSES OF THE GAMBLING STATUTES, DOES NOT INCLUDE MONEY PAID BY PARTICIPANTS IN ANY BINGO GAME CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION. SECTION 981(2) FURTHER STATES THAT SUCH MONEY PAID BY THE PARTICIPANTS IN ANY BINGO GAME CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION IS PRESUMED TO BE FOR THE BENEFIT OF THE NONPROFIT ORGANIZATION AND FOR THE USE OF SUCH ORGANIZATIONS IN FURTHERING THE PURPOSE OF THE ORGANIZATIONS.
THE INTENT OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND FOLLOW THE INTENT OF THE LEGISLATURE. HESS V. EXCISE BOARD OF MCCURTAIN COUNTY, 698 P.2D 930, 932 (OKLA. 1985). STATUTES MUST BE INTERPRETED IN ACCORDANCE WITH THE PLAIN ORDINARY MEANING OF THE LANGUAGE USED IN THE STATUTES. MATTER OF INCOME TAX PROTEST OF ASHLAND EXPLORATION. INC., 751 P.2D 1070, 1073 (OKLA. 1988).
IT APPEARS FROM A PLAIN READING OF THE PERTINENT STATUTES THAT THE LEGISLATURE INTENDED THAT PLAYING A BINGO GAME CONDUCTED BY A NONPROFIT ORGANIZATION IS NOT BETTING. IT ALSO APPEARS FROM A PLAIN READING OF THE PERTINENT STATUTES THAT THE LEGISLATURE INTENDED THAT MONEY PAID BY PARTICIPANTS IN A BINGO GAME CONDUCTED BY A NONPROFIT ORGANIZATION IS FOR THE BENEFIT OF THE ORGANIZATION RATHER THAN CONSIDERATION GIVEN WITH THE EXPECTATION OF GETTING SOMETHING BACK IN RETURN. BECAUSE CONSIDERATION IS AN ELEMENT OF GAMBLING AND BECAUSE THE LEGISLATURE HAS SPECIFICALLY EXCLUDED MONEY PAID BY PARTICIPANTS IN A BINGO GAME CONDUCTED BY A NONPROFIT ORGANIZATION FROM THE STATUTORY DEFINITION OF CONSIDERATION, PLAYING A BINGO GAME BEING CONDUCTED BY A NONPROFIT ORGANIZATION IS NOT GAMBLING UNDER THE OKLAHOMA STATUTES.
IT IS MY OPINION, THEREFORE, THAT BINGO CONDUCTED BY AN AUTHORIZED NONPROFIT ORGANIZATION IS NOT GAMBLING UNDER THE OKLAHOMA STATUTES, EVEN THOUGH IT IS A FORM OF GAMBLING IN THE ORDINARY SENSE.
(ALECIA A. GEORGE)